**In re SNOWBIRD LODGE, INC., Debtor.**

**Bankruptcy No. 83–00046.**

United States Bankruptcy Court,
D. Vermont.

Oct. 7, 1983.

Jonathan Bump, Putney, Vt., for debtor.

R. Bruce Freeman, Wilmington, Vt., for Snow & Son, Inc.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The issue in this case is whether Snow and Son, Inc., a mortgagee, is entitled to

interest on money advanced by it for the payment of property taxes.

The debtor filed a plan for reorganization under Chapter 11 of the Bankruptcy Code which provided for the sale of its real and personal property with distribution of the proceeds received to be made to creditors and equity holders as classified. Under "class b" the debtor proposes to pay taxes, including property taxes advanced by Snow & Sun, Inc. on behalf of the debtor. However, there is no provision for the payment of interest amounting to $373.00 which has accrued since the date of payment by Snow & Sun, Inc. as mortgagee.

The debtor contends that this obligation for taxes is a priority claim which is payable without interest. As such a claim interest is chargeable only to the date of the filing of the petition for relief which occurred on March 15, 1983. See § 502(b)(2) Bankruptcy Code; *City of New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710.

The debtor's position, insofar as it is willing to concede interest to the date of filing, is sound provided that the claim is considered strictly as one for taxes. However, Snow & Sun, Inc. is claiming interest as a secured creditor. The obligation of the debtor springs from a covenant in the real estate mortgage held by the claimant which provides that in case of the failure of the mortgagor to pay taxes and assessments, they may be paid by the legal holder of the mortgage, adding the proper expense thereof to the principal sum secured under the mortgage. As a secured creditor Snow is entitled to reimbursement for the amount paid for taxes plus interest from the date of payment. The Code so provides. See § 506(b) reading as follows:

"To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, <u>interest on such claim,</u> and any reasonable fees, costs, or charges provided under the agreement under which such claim arose." Underscoring supplied.

The applicability of this section of the Code to Chapter 11 proceedings is recited in 3 Collier 15th Ed. 506–35 § 506.05:

"Consequently, the determination of the allowability of postpetition interest and fees, costs and charges generally arises in the context of determining the amount to be paid to the holder of a secured claim out of distributions from an estate in a chapter 7 case, either after sale of the collateral or at the time of general distribution from the estate, or in the context of determining the amount of the secured claim for purposes of inclusion in a chapter 11 or 13 plan. Thus, postpetition interest may accrue until payment of the secured claim or the effective date of a plan."

### ORDER

In sum, the claimant is entitled to interest. Therefore,

IT IS ORDERED that under Class b of the plan the debtor shall pay to Snow & Sun, Inc. the taxes advanced by it plus $373.00 interest.